805 F.2d 393
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Appellee,
v.
Thomas Floyd COTTRELL, a/k/a Boots, Appellant.
 No. 85-5029.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 6, 1986.
Decided Nov. 13, 1986.
 
 Law Office of Fred D. Clark, L.C. on brief, for appellant.
 David A. Faber, United States Attorney; Larry R. Ellis, Assistant United States Attorney, on brief, for appellee.
 S.D.W.Va.
 AFFIRMED.
 Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. John T. Copenhaver, Jr., District Judge.
 Before RUSSELL, PHILLIPS and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 This is an appeal by the defendant from his conviction, as a convicted felon, of the possession of a firearm. At the time of his arrest the defendant was traveling in a van, accompanied by companions on motorcycles, six in front of him and two behind him. The sole claim of error relates to the admission into evidence of firearms and ammunition seized in an uncontested search of persons traveling in what appeared to be a caravan. It is the defendant's position that the prejudicial effect of the admission of such evidence outweighed its probative value. The district judge disagreed and admitted the evidence. From that ruling this appeal is pressed. We affirm the decision of the district judge.
 
 
 2
 At the time the defendant was stopped by the officers and later placed under arrest, he was traveling in a van along a highway adjacent to the West Virginia Turnpike between Charleston, West Virginia, and Beckley, West Virginia. The several cyclists and van were obviously traveling together. At a point between barrier C and barrier D on the highway on which they were traveling the group drove across a private construction site adjacent to the highway right-of-way and entered the West Virginia Turnpike, a limited access toll road, without paying the required toll, a violation of State law. When this was observed by State Trooper Bradshaw, who, along with other officers, had followed the group along the road adjacent to the Turnpike, the officer stopped the group. He found guns and ammunition on several of the cyclists. When he approached the van he saw in plain view a sawed-off shotgun beside the driver of the van, who is the defendant. The officer was joined by two other officers and a search of the van was conducted during which a .12 gauge double-barrelled shotgun and a gun case were found in the van, along with various other items, including other firearms and ammunition. All of the guns and ammunition found in a search of the van were admitted into evidence without objection; it is only the admission into evidence of the guns and ammunition taken from the cyclists that is the subject of this appeal. The district judge ruled that the guns and ammunition on the persons of the cyclists were admissible, saying:
 
 
 3
 It seems to me that under the circumstances that have developed at this trial, that all of that evidence is admissible in order to establish the context in which this case arises, particularly in view of the suggestion in the opening statement that these individuals were merely on a picnic, and that further indication by virtue of the questioning on the cross-examination of Trooper Bradshaw that would lead one to believe in normal circumstances that an excessive number of police officers were being utilized in the course of the arrest.
 
 
 4
 It apparently was the defendant's defense at trial that the group of which he was a party, was innocently "going on a picnic" and that he did not own any of the guns or ammunition and had no knowledge of the guns in the van or in the possession of the cyclists. Whether the evidence of the guns in the possession of the parties and in the van was so extensive and open to put in doubt the good faith of his defense plea was a question for the jury, provided the district judge concluded that the probative value of such evidence was not outweighed by its prejudicial effect. The district judge has wide discretion in the resolution of the latter issue and his determination will not be disturbed absent clear error. United States v. Heyward, 729 F.2d 297, 301, n. 2 (4th Cir.1984). We perceive no such error in the exercise of the district judge's discretion in this case and, therefore, affirm the conviction of the defendant herein.
 
 
 5
 AFFIRMED.